# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRICK BANGS KELLOGG,<br><br>                     Plaintiff,<br><br>  v.<br><br>JULIE WILSON, *et al.*,<br><br>                    Defendants. | Case No. 18-cv-01758-BAS-JLB<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

This action is but one of many that Plaintiff Kendrick Bangs Kellogg has filed concerning a dispute with the Government regarding taxes and a levy upon his Social Security benefits. Previously, the Court dismissed several of Kellogg's lawsuits and warned him that he could not evade the Court's dismissal orders by simply filing another lawsuit. Kellogg has violated these orders by filing yet another lawsuit that seeks the same relief. Consequently, the Court finds his duplicative Complaint is subject to summary dismissal.

**I.    BACKGROUND**

    **A.    *Kellogg v. Rossotti*, 03-cv-0055-BTM-LSP (S.D. Cal. filed Jan. 9, 2003)**

In late 2002, Internal Revenue Service ("IRS") Special Agent Julie Wilson investigated Kellogg to determine his income tax liability and whether he had violated any

provisions of the Internal Revenue Code. (Case No. 03-cv-0055, ECF No. 38.) As part of her investigation, Special Agent Wilson issued seventeen summonses to third parties seeking financial information regarding Kellogg. (*Id.*) In early 2003, Kellogg moved in this District to quash the administrative summonses. (*Id.*, ECF No. 1.) After holding a hearing, District Judge Barry Ted Moskowitz determined that the IRS established a prima facie case for enforcement of the subpoenas, and that Kellogg did not meet his "heavy burden" to disprove the IRS's showing. (*Id.*) In doing so, Judge Moskowitz rejected Kellogg's arguments that the IRS was conducting an illegitimate investigation in bad faith and illegally harassing Kellogg. (*Id.* ("There is no evidence that the IRS is doing anything but carrying out a legitimate investigation regarding Kellogg's income tax liability.").) Hence, Judge Moskowitz granted the Government's motion to summarily enforce the summonses and denied Kellogg's petition to quash in its entirety. (*Id.*)

### B. *Kellogg v. Olsen*, 16-cv-0640-BAS-KLB (S.D. Cal. filed Mar. 15, 2016)

Over a decade later, Kellogg filed an action against the Commissioner of the IRS and various IRS personnel. (Case No. 16-cv-0640, ECF No. 1.) The Court permitted him to proceed *in forma pauperis* ("IFP")—without paying the filing fee. (*Id.*, ECF No. 4.) Very liberally construed, Kellogg's pleadings sought a refund of Social Security benefits that the IRS allegedly levied upon between March 2002 and November 2008— approximately eight years before the action was filed. (*Id.*, ECF No. 13.) The Government moved to dismiss, arguing Kellogg's pleadings were unintelligible and inscrutable. (*Id.*, ECF No. 39-1.) The Government also argued, among other things, that the statute of limitations for Kellogg's action had run. (*Id.*) After Kellogg failed to oppose the Government's motion to dismiss, the Court deemed his failure as consent to granting it and dismissed without prejudice Kellogg's action. (*Id.*, ECF No. 44.)

### C. *Kellogg v. Wilson*, 17-cv-0353-BAS-JLB (S.D. Cal. filed Feb. 22, 2017)

Approximately six month later, Kellogg filed another action, naming Special Agent Wilson and various other government officials as defendants. (Case No. 17-cv-0353, ECF No. 1.) The Court again granted Kellogg permission to proceed IFP, but dismissed his

eighty-two page complaint for failure to state a claim. (*Id.*, ECF No. 6.) The Court noted that Kellogg's pleading was "even more difficult to decipher than the complaints filed in the last case." (*Id.*) To the extent that Kellogg was again seeking to litigate the wrongful assessment of taxes and a levy upon his Social Security benefits, the Court reasoned those claims were barred by the doctrines of res judicata and collateral estoppel. (*Id.*) The Court also addressed Kellogg's other allegations:

> Plaintiff also adds allegations about "damages for the School," remodeling of a home, and "time wasted for the construction of the School"—as well as various other conspiracies, theories of bugging, and entrapment. The Court is simply unable to decipher the grounds of Plaintiff's claim. Therefore, to the extent Plaintiff is alleging additional claims that were not alleged in the first case, the Court finds Plaintiff fails to state a claim upon which relief may be granted.

(*Id.* (citations omitted).) Accordingly, the Court dismissed Kellogg's complaint without prejudice. (*Id.*)

Kellogg filed an amended pleading. (Case No. 17-cv-0353, ECF No. 8.) Upon screening the amended complaint, the Court dismissed it as frivolous. (*Id.*, ECF No. 17.) The Court reasoned Kellogg's allegations regarding various government conspiracies and his state court divorce proceedings in the early 1990s were clearly baseless. (*Id.*) The Court also found that the remainder of Kellogg's pleading that "merely repeat[ed] pending or previously litigated claims" was subject to dismissal as frivolous. (*Id.*) Hence, the Court dismissed Kellogg's action with prejudice. (*Id.*)

### D. *Kellogg v. Wilson*, 17-cv-1505-BAS-JLB (S.D. Cal. filed July 25, 2017)

Kellogg filed yet another action against Special Agent Wilson and various other government officials. (No. 17-cv-1505, ECF No. 1.) This time, however, Kellogg paid the filing fee. (*Id.*) After Kellogg filed several pleadings, the Court dismissed his fourth amended complaint for failure to comply with Federal Rule of Civil Procedure 8. (*Id.*, ECF No. 14. (noting that "Plaintiff's complaint is over ninety pages, including thirty-four single spaced pages of conclusory or confusing allegations starting in the early 1990's and almost sixty pages of exhibits").) Nevertheless, the Court granted Kellogg leave to file a fifth

amended complaint that cured the deficiencies the Court identified. (*Id.*) The Court cautioned that Kellogg "must succinctly specify who did what, when the events occurred, and how Plaintiff was harmed by the alleged wrongful conduct." (*Id.*)

Kellogg filed a fifth amended complaint, and he also sought to file a sixth amended complaint shortly thereafter. (No. 17-cv-1505, ECF Nos. 16, 18.) The Court noted that like his prior pleadings, the fifth amended complaint was "seventy-five pages in length, containing twenty-four pages of single-spaced conclusory or confusing allegations starting in the early 1990's with over fifty pages of exhibits. (*Id.*, ECF No. 19.) Consequently, the Court concluded Kellogg again failed to comply with Rule 8's requirements. (*Id.*) The Court also dismissed Kellogg's action with prejudice, recognizing that "even though dismissing a complaint without leave to amend is a harsh remedy, the remedy [was] appropriate . . . where the Court ha[d] given Kellogg multiple opportunities and sufficient time to bring a cognizable claim." (*Id.*) Kellogg then repeatedly attempted to file another amended complaint, but the Court rejected his filings. (*Id.*, ECF Nos. 21–31.)

**E.** *Kellogg v. Wilson*, **18-cv-1216-BAS-JLB (S.D. Cal. filed June 11, 2018)**

Around the same time, Kellogg once again filed an action seeking the same relief and paid the filing fee. (No. 18-cv-1216, ECF No. 1.) In dismissing this duplicative action, the Court explained:

> [T]he Court's prior Order in Wilson, No. 17-cv-1505, ECF No. 19, raises a barrier to Kellogg's complaint in this case. That Order prohibited Kellogg from filing any additional amended complaints. Yet, Kellogg appears to believe that he may circumvent that prohibition by obtaining a new case number. He may not do so. Rule 41(b) permits a court to sua sponte dismiss a case for failure to comply with a court order. Fed. R. Civ. P. 41(b); *Stone v. City of Tucson*, 249 F.R.D. 326, 327 (D. Ariz. 2008). By seeking to file the very amended complaint he was prohibited from filing in this Court's Wilson Order, No. 17-cv-1505, Kellogg fails to comply with the terms of that Order as well as the successive nine orders in which the Court rejected Kellogg's attempts to file amended complaints. The Court concludes that Kellogg's complaint in this case is subject to sua sponte dismissal on this basis.

(No. 18-cv-1216, ECF No. 7.) The Court also determined that dismissal was appropriate based on Rule 8. (*Id.*) Therefore, the Court dismissed Kellogg's action and advised him that he "may not circumvent this order by requesting a new case number." (*Id.* (emphasis omitted).) Finally, the Court further "advise[d] Plaintiff that any complaints he files which are substantively identical to the complaints which have been dismissed in either this case or Wilson, No. 17-cv-1505, will be subject to summary dismissal." (*Id.*)

### F. This Case

Shortly after the Court dismissed his prior case, Kellogg filed this action. (Compl., ECF No. 1.) He once again names Special Agent Wilson—the agent who investigated Kellogg and issued the administrative summonses discussed above—as a defendant. (*Id.* ¶ 2.) Kellogg also sues various other IRS and justice department personnel. (*Id.* ¶¶ 3–8.) Liberally construed, Kellogg's pleading raises the same claims that are described above: he argues government agents and his ex-wife conspired concerning his divorce proceedings in the 1990s. (*Id.* ¶¶ 10–20.) He also again makes various allegations concerning a tax court proceeding and an IRS appeal from the 1990s. (*Id.* ¶¶ 27–33.) And Kellogg once again appears to be seeking the return of Social Security benefits that have been taken. (*Id.* ¶¶ 34–60.) Finally, Kellogg makes allegations regarding a non-profit school and certain tractors, which the Court also has previously dismissed. (*Id.* ¶¶ 62–70.)

## II. ANALYSIS

Having reviewed Kellogg's pleading, the Court is satisfied that the pleading is substantively identical to the numerous prior complaints rejected by the Court. The Court has repeatedly warned Kellogg that he cannot evade this Court's dismissal orders by simply filing a new lawsuit that raises the same allegations. Nevertheless, Kellogg has again violated the Court's orders by filing yet another action that seeks the same relief. Consequently, like before, the Court finds that summarily dismissing this action for failure to comply with the Court's orders is warranted. *See* Fed. R. Civ. P. 41(b); *Stone v. City of Tucson*, 249 F.R.D. 326, 327 (D. Ariz. 2008). This outcome "is a harsh penalty," but these are "extreme circumstances." *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.

1986). Kellogg has repeatedly attempted to litigate claims that have been dismissed with prejudice. In addition, given the history of Kellogg's cases from the last few years, a less drastic remedy is not available. Therefore, the Court will dismiss this duplicative action with prejudice.

## III. CONCLUSION

In light of the foregoing, the Court **DISMISSES WITH PREJUDICE** Kellogg's Complaint (ECF No. 1). The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

DATED: June 10, 2019

Hon. Cynthia Bashant
United States District Judge